PER CURIAM.
James Stacey Causey appeals the denial of his motion for postconvietion relief. We reverse because the trial court failed to attach sufficient documents to support its order denying relief.
Causey was convicted of one count of racketeering, one count of attempted robbery, three counts of robbery, one count of petit theft, and two counts of sexual battery. He alleges in his motion for postconvietion relief that his trial attorney was ineffective in failing to file a pretrial motion to sever his trial from the codefendants. The trial court denied the motion for postconvietion relief, stating that the record reflected that a motion for severance and a motion for new trial raising the severance issue were denied. The trial court attached the motion for new trial to, support its ruling. The motion for new trial provided the following, in pertinent part:
COMES NOW, the defendant(s), JERE A. WALKER and the defendants GLEN WOODS, JAMES S. CAUSEY, by and through Patrick R. Sweeney, Attorney for JERE A. WALKER and file this their MOTION FOR NEW TRIAL, and in support thereof allege:
1. The Defendant(s) had filed a Motion for Severance of their trials and respective charges which was previously denied.
It is that language upon which the trial court relied in denying Causey’s motion.
We conclude that the portion of the record which the trial court attached is not sufficient for this court to rule upon Causey’s motion. Causey, in his motion for postconvietion relief, named two attorneys who represented him at various times from arraignment through the appeal of the case, and neither of them is Mr. Sweeney, the attorney who filed the motion for new trial. Further, we conclude that Mr. Sweeney’s motion for new trial, wherein he listed himself as only representing Walker but filed the motion on behalf of two other defendants and alleged that these two other defendants had filed motions for severance, is sufficiently ambiguous to direct the trial court to review the record and submit to this court Causey’s motion for severance filed in this case. We, therefore, reverse and remand this case to the trial court with directions to attach relevant portions of the record which address Causey’s motion for postconvietion relief.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.